UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT N. JOHNSON,

        Plaintiff,

   v.

JIN WONG, WONDA WONG, and GORDON WONG,

        Defendants.

NO. CIV. S-05-0770 WBS GGH

ORDER SETTING ASIDE DEFAULT

----oo0oo----

        A default has been entered against defendants Jin Wong, Wonda Wong, and Gordon Wong ("defendants"). Defendants now move to set aside the entry of default. Plaintiff has no opposition to the motion.

        On April 20, 2005, plaintiff filed a complaint requesting relief for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12300, and various California statutes. (Compl. 17-18.) Defendants failed to answer plaintiff's complaint, appear, or plead. (Clerk's Certificate of Entry of Default.) Defendants Wonda and Gordon Wong represent that, at the time, they believed that defendant

1

Jin Wong had taken responsibility for responding to the complaint. (Defs.' Mot. to Set Aside Default 4.) Defendant Jin Wong represents that he mistakenly thought his responsibility was to attend a hearing at which he could prove that he had complied with the ADA. (Jin Wong Decl. ¶ 2.) He did not discover his mistake until after the entry of default. (Defs.' Mot. to Set Aside Default 4; see also Jin Wong Decl. ¶ 2.) The clerk's entry of default occurred on August 1, 2005. (Entry of Default.) Default judgment has not yet been entered. (Defs.' Mot. to Set Aside Default 3-4.) Defendants filed this motion less than two months after the clerk's entry of default. (See id. at 2.)

  Federal Rule of Civil Procedure 55(c) provides that: "For good cause shown the court may set aside an entry of default . . . ."[1] Defendants argue that their collective mistake and quick action to redress that error merit a finding of good cause. (Def.'s Mot. to Set Aside Default 3.) Plaintiff does not oppose this motion. (Pl.'s Opp'n to Mot. to Set Aside Default.)

///
///

---

[1] Rule 60(b) is more restrictive with regard to setting aside default, but it applies to a default judgment and not an entry of default. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986)("Rule 55(c) provides the standards for determining whether relief from a default entry or default judgment should be granted . . . . But when default judgment has been entered, Rule 55(c) refers to Rule 60(b), which provides that relief from a final judgment may be granted only under specific conditions.")

  In addition, Rule 77(c) allows a court to suspend, alter, or rescind an entry of default or a judgment by default entered by the clerk's office for "cause shown." Fed. R. Civ. P. 77(c). Because setting aside the entry of default is warranted under the stricter "good cause" standard provided by Rule 55(c), applying Rule 77(c) would not change the result.

2

1  IT IS THEREFORE ORDERED that defendants' motion to
2 set aside default be, and the same hereby is, GRANTED.
3 DATED: January 4, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE